## WILSON *et. als. against* COMMONWEALTH.

A cause having been referred by consent to an auditor, to report the sum due, if any, to the plaintiff, and the facts connected with any disputed items in the case, and his judgment thereon, the auditor made a report accordingly, upon which the court rendered a judgment: *Held*, that such judgment is not the subject of a writ of error, unless the parties had agreed it should be.

ERROR to *Huntingdon* county.

A suit was brought upon an administration bond in the name of the *Commonwealth* against *Thomas Wilson* and *Wray Maize,* surviving obligors in a bond with *John Adams* and *Jas. Barbour,* and judgment obtained for the penalty. Upon this judgment five writs of *scire facias* issued for the use of different persons, having claims against the administrators; in each case, this entry was made. "And now, to wit, April 13, 1831, this cause referred by consent to *D. R. Porter,* who is to report the sum due, if any, to the plaintiff, and the facts connected with any disputed items in the case, and his judgment thereon; exparte rule on ten days' notice." The auditor made a report in each case, which was read, and judgment entered thereon by the court, without exceptions having been filed. This writ of error was then sued out, upon

(Wilson *v.* The Commonwealth.)

which the original judgment, and all the judgments upon the writs of *scire facias*, were brought up.

*A. P. Wilson*, for defendant in error contended, that the writ of error, could not be supported; 1, Because the judgments were not the subjects of writs of error, and 2. If they were, six several judgments could not be removed by the same writ.

*Potter*, for plaintiff in error:    This was not a reference under the act of 1705, and if it was, the errors appear upon the face of the reports, and therefore, the judgments thereon may be reversed on error.    *Sutton* v. *Horn*, 7. *Serg. & Rawle*, 228.    *Harker* v. *Elliot*, *Ib.* 284.    *Gratz* v. *Phillips*, 14 *Serg. & Rawle*, 151. *Bellas* v. *Levy*, 2 *Rawle*, 21.    *Kline* v. *Guthart*, 2 *Penn. Rep.* 496.

The whole proceedings were predicated upon the original judgment for the penalty, and it was really a settlement of an estate; unless the whole was thus exhibited by one writ of error it would have been unintelligible.

*Bell* in reply not heard.

PER CURIAM.—There is no substantial difference between this case and *Kline* v. *Guthart*. By the terms of the submission, the auditor was indeed required to report the facts connected with the disputed items, but there is no agreement that his statement shall be taken as a special verdict: under such an agreement, there might, perhaps, be no objection to proceed on a case stated by an auditor, as if it were stated by the parties themselves; but if they mean to make the report a ground of error, they should say so, else they must be taken to have agreed to abide by the decision of the tribunal of their choice.    And the whole case ought to be stated, instead of the facts connected with particular parts of it, in order to enable the court to give final judgment for the party who ought to have had judgment in the court below, else it would have to be sent back, in order to be re-stated, or otherwise determined by a jury.    But a statement of the facts connected with particular parts of the case, would be so defective, that no agreement could cure it, or enable the court to proceed upon it.

Judgment affirmed.